**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CLIVE N. MELHADO,** | : | **Case No. 2:26-cv-194** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| | : | **Chief Judge Sarah D. Morrison** |
| **vs.** | : | |
| | : | |
| **WARDEN, Pickaway Correctional** | : | **Magistrate Judge Karen L. Litkovtiz** |
| **Institution,** | : | |
| | : | |
| **Respondent.** | : | |

---

**REPORT AND RECOMMENDATION**

---

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his March 2002 Franklin County, Ohio murder conviction and sentence. (Doc. 1). By separate Order, Petitioner was granted leave to proceed *in forma pauperis*. (Doc. 4).

But for the reasons set forth below, the Undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b).

It appears that this is the fifth habeas corpus petition that Petitioner has submitted in this Court challenging his Franklin County murder conviction. *See Melhado v. Warden, Marion Correctional Institution*, Case No. 2:18-cv-675 (S.D. Ohio Aug. 10, 2018) (Graham, J.; Jolson, M.J.) (Doc. 7) (petition transferred to the Sixth Circuit Court

of Appeals as successive); *Melhado v. Warden, Marion Correctional Institution*, Case No. 2:17-cv-725 (S.D. Ohio Oct. 2, 2017) (Watson, J.; Deavers, M.J.) (Doc. 8) (petition transferred as successive); *Melhado v. Warden, Marion Correctional Institution*, Case No. 2:14-cv-402 (S.D. Ohio May 9, 2014) (Economus, J.; King, M.J.) (Doc. 5) (petition transferred as successive); *Melhado v. Warden, Warren Correctional Institution*, Case No. 2:04-cv-1146 (S.D. Ohio Aug. 9, 2005) (Frost, J.; Abel, M.J.) (Doc. 14) (petition dismissed on merits) (Doc. 24) (motion to file successive petition transferred to Sixth Circuit Court of Appeals).

"Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 'a state prisoner always gets one chance to bring a federal habeas challenge to his conviction.'" *In re Hill*, 81 F. 4th 560, 567 (6th Cir. 2023) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)). "But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). Without that authorization, a district court lacks jurisdiction to consider a second or successive petition and must transfer such a petition to the Court of

2

Appeals for the Sixth Circuit. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*); 28 U.S.C. § 1631.

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 590 U.S. at 511-12. Generally, a petition targeting the same state court judgment challenged by a prior petition is second or successive. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The Sixth Circuit utilizes the following guidelines for determining whether a petition is second or successive:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted.

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) (cleaned up).

Here, the instant Petition does not meet any of the exceptions set forth above. The judgment challenged is Petitioner's March 2002 Franklin County murder conviction and life sentence under Case No. 01 CR 3599.[1] This is the same judgment that he challenged in the four previous habeas corpus cases listed above.

Petitioner appears to argue in the instant Petition that fraud and a miscarriage of

---

[1] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?or7coasT9wWPmUBL00rk Public Records search under Petitioner's name, Clive Melhado. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

justice were committed because the criminal complaint filed upon his arrest was dismissed when the grand jury returned a felony indictment against him. (Doc. 1, at 2). In Case No. 2:04-cv-1146 (S.D. Ohio), Petitioner raised claims challenging the constitutionality of Ohio Rev. Code § 2929.03(D)(3); the sufficiency of evidence; and the effectiveness of trial counsel's representation. His claims were denied and the action was dismissed. The Sixth Circuit affirmed the judgment and also denied Petitioner's request to file a second or successive petition.

In Case No. 2:14-cv-402 (S.D. Ohio), Petitioner raised claims challenging the trial court's failure to advise him of his right to appeal; failure to impose proper post-release control and issue a valid sentence; failure to consider proper sentencing factors; violation of Petitioner's right against double jeopardy; and failure to issue final appealable order— "new" claims that could have been raised at the time he filed his original Petition. The case was transferred to the Sixth Circuit as an unauthorized second or successive petition.

In Case No. 2:17-cv-725 (S.D. Ohio) and Case No. 2:18-cv-675 (S.D. Ohio), Petitioner challenged the validity of the dismissal of his initial indictment (criminal complaint upon his arrest) following the issuance by the grand jury of a felony indictment—variations of the claim he seeks to raise in the instant Petition. Those cases were also transferred to the Sixth Circuit as unauthorized second or successive petitions.

On March 6, 2026, this Court issued an order directing Petitioner to show cause why the instant action should not be transferred to the Sixth Circuit Court of Appeals as

4

an unauthorized second or successive petition. (Doc. 4). In response, Petitioner asserts that the Pickaway Correctional Institution warden took illegal custody of Petitioner by way of a void judgment, that he was given a death sentence for a crime he did not commit, and that exculpatory evidence exists that he has been denied the ability to produce. (Doc. 5, at 47). Without expressing any opinion as to the merits of Petitioner's assertions, the Undersigned finds that they are legally insufficient to establish that the instant Petition is not second or successive.

Because the instant Petition is second or successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to proceed in the absence of prior authorization by the Sixth Circuit. When a petitioner files a second or successive petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court, in the interest of justice, pursuant to 28 U.S.C. § 1631, must transfer the case to the Sixth Circuit for consideration as required by § 2244(b)(3). *In re Sims*, 111 F.3d at 47.

Accordingly, it is **RECOMMENDED** that this action be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such

5

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 19, 2026

KAREN L. LITKOVITZ
United States Magistrate Judge

6