UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLIVE N. MELHADO,

            Petitioner,       :

   v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,   :

            Respondent.

Case No. 2:26-cv-194
Chief Judge Sarah D. Morrison
Magistrate Judge Karen L. Litkovitz

**OPINION AND ORDER**

On March 19, 2026, the Magistrate Judge issued a Report and Recommendation pursuant to 28 U.S.C. § 2244(b) recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive habeas corpus petition. (R&R, ECF No. 6.) Petitioner Clive N. Melhado objects to the R&R. (Obj., ECF No. 7.)

If a party timely objects to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the Magistrate Judge's R&R and Mr. Melhado's Petition, *de novo*, and finds no error in the Magistrate Judge's conclusion or reasoning.

After a petitioner has filed a habeas corpus petition, any future petition is governed by § 2244(b). *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(c)). Not all subsequent petitions are "second or successive" and thus subject to the restrictions of § 2244(b). *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) (citation omitted). Section 2244(b) will not apply to a second-in-time petition if (1) the second petition challenges a new state-court judgment; (2) the proposed claim would not have been ripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *Id*.

Although this is Mr. Melhado's fifth challenge to his 2002 conviction, he argues his Petition is not successive because his claim was not ripe at the time of his prior petitions. (Obj., PAGEID # 55–56.) Mr. Melhado's Petition challenges the validity of his conviction based on the state court's lack of jurisdiction over his case. (Pet., ECF No. 1, PAGEID # 3.) In his Objection, he clarifies that his challenge is to the authority of the Warden of the Pickaway Correctional Institution to detain him based on a void judgment, not the validity of the judgment itself. (Obj., PAGEID #

2

55–56.) But this challenge depends on the same argument regarding the validity of his conviction that has been the subject of previous petitions. (*See* R&R, PAGEID # 52–53.) Indeed, Mr. Melhado previously filed a petition challenging the legality of his detainment based on a void judgment. *See Melhado v. Warden, Marion Correctional Institution*, No. 2:18-cv-675 (S.D. Ohio Aug. 10, 2018) (Graham, J.) (ECF No. 7) ("Petitioner argues that this action does not constitute a successive § 2254 action, because he challenges the Warden's authority to detain him, on the basis that his convictions are a nullity and the result of fraud, in violation of the Fourteenth Amendment."). Thus, his proposed claim was not unripe at the time of his previous petition and constitutes a successive petition.

Because Mr. Melhado's petition is a successive petition, this Court lacks jurisdiction to consider his claims without authorization from the Sixth Circuit. His Objection (ECF No. 7) is **OVERRULED**. The R&R (ECF No. 6) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3